Sidney H. Asch, J.
The Attorney-General moves, pursuant to subdivision 12 of section 63 of the Executive Law, for an injunction restraining defendant from engaging in the illegal sale or offering for sale in the State of New York of any part of the skin or body, whether raw or manufactured, of alligators, caiman or crocodile of the order of crocodylia, or articles made therefrom, and for costs pursuant to CPLR 8303 (subd. [a]) in the amount of $2,000. Section 358-a of the Agriculture and Markets Law provides as is pertinent herein: “ 1. No part of the skin or body, whether .raw or manufactured, of the following species of wild animals or the animal itself may be sold or offered for sale by any individual, firm, corporation, association or partnership within the state of New York after the effective date of this section: * * * Alligators, Caiman or Crocodile of the Order Crocodylia ”.
The petitioner claims on the basis of its investigation that respondent is selling and offering for sale certain of the prohibited commodities, in violation of the hereinbefore quoted *751 statute. Respondent’s manager during the petitioner’s investigation stated under oath that the respondent gets in touch with its European and Asiatic customers through its office in New York and that thereafter the goods are shipped from either a “ foreign trade zone ” or a “ bonded warehouse ” to said customers. Respondent’s manager also testified that all of respondent’s business is really conducted from New York. Respondent has not submitted any opposing affidavits and relies solely on its memorandum of law in opposition to petitioner’s application. The statements of fact contained therein are of no probative valúe.
Prom the submitted papers it is evident that the respondent is shedding crocodile tears. Its New York office is the moving force in bringing the subject skins and hides to its foreign customers. The fact that they are stored in “ foreign trade zones ” or “ bonded warehouses ” does not serve as an expedient to circumvent the clear strictures of the statute.
There is no doubt of the New York State legislative intent to bar the sale of the subject hides and skins within the State of New York. Nor may any person leave the State with intent to elude any of the provisions of section 358-a (see Agriculture and Markets Law, § 367).
While the prohibited commodities are not introduced into commerce in New York State, the respondent holds the subject goods for sale from New York State. It follows that the respondent must be enjoined from further sales (Matter of People v. Corum Watch Corp., 38 A D 2d 920).
The branch of the motion which seeks costs is granted. The amount of the costs shall be set in the order to be settled herein. Petitioner is directed to submit an affidavit of services together with its proposed order.